IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-0068-DGK |
| | ) | |
| HUMANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This case concerns whether Defendant Humana, Inc. ("Humana"), an insurance company, has a right to reimbursement from the proceeds of a personal injury settlement reached by one of its plan members, Missouri resident Plaintiff Richard Barnes ("Barnes"). Barnes is the beneficiary of a Humana health plan governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-14. Humana argues FEHBA regulations require it to assert a lien against the settlement funds to reimburse it for benefits paid in the course of Barnes' medical treatment. Barnes argues that such reimbursement is contrary to Missouri public policy. He seeks a declaration that he is not obligated to reimburse Humana, or alternately, that Humana is not entitled to the full amount sought.

Now before the Court is Humana's "Motion to Dismiss" (Doc. 5) brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Humana contends (1) this Court lacks jurisdiction because Barnes failed to exhaust his administrative remedies before filing suit; (2) Humana is not the proper defendant; and (3) Barnes' claim is preempted by federal law. Because federal regulations apply an administrative exhaustion requirement to a reimbursement dispute, and Barnes has not shown administrative review is futile, the Court GRANTS the motion. The Court does not address Humana's remaining arguments.

**Background**

In 2010, Plaintiff Barnes was covered by a health insurance policy issued by Humana ("the Plan"). The Plan was created by a federal government contract pursuant to FEHBA.

On May 6, 2010, a third party injured Barnes in a motor vehicle accident. Pursuant to the Plan, Humana paid for Barnes' medical treatment. Barnes subsequently sued the third party responsible for the accident and received a $25,000 settlement.

The Plan provides that it shall have a right to reimbursement or subrogation from a covered individual for benefits paid by a third party if the Plan paid medical benefits to treat an injury caused by the third party.[1]

According to Barnes, the Plan initially asserted a lien on his recovery for $2,536.33. Barnes agreed to have the third party's insurance company issue a check payable to Humana for $2,536.33, but after Barnes received his settlement, Humana sought $12,576.22.

Barnes subsequently filed this lawsuit seeking a declaratory judgment that he is not obligated to reimburse Defendant in any amount, or alternately, that he owes Humana less than it seeks. Barnes primary argument is that Humana's lien is invalid under Missouri law as void against public policy. Barnes also contends (1) Humana has waived any further right to subrogation by accepting "medical pay" from his automobile insurer as full and final settlement of Humana's subrogation interest; (2) enforcement of Humana's subrogation interest would be unconscionable; (3) he did not sign the insurance contract; (4) Humana prejudiced him by failing to notify him of its full subrogation interest prior to settlement; (5) any funds received from the

---

[1] The Plan states in relevant part:

> When you receive money to compensate you for medical treatment or hospital care for injuries or illness caused by another person, you must reimburse us for any expenses we paid. However, we will cover the cost of treatment that exceeds the amount you received in the settlement.

> If you do not seek damages you must agree to let us try. This is called subrogation.

settlement cannot now be traced back to the settlement; (6) Humana's subrogation interest would only attach to the portion of the settlement received for medical expenses; and (7) Humana's interest must be reduced to account for procurement costs.

Barnes filed this lawsuit in the Circuit Court of Jackson County, Missouri. Humana subsequently removed it to this Court on January 22, 2013.

## Discussion

FEHBA establishes a comprehensive program of health insurance for federal employees. *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1227 (8th Cir. 2012). It also charges the United States Office of Personnel Management ("OPM") with negotiating contracts with private insurance carriers to provide an array of health-care plans. *Id.* By enacting FEHBA, Congress sought to ensure that the health-benefit plans offered to federal employees provide uniform coverage and benefits regardless of the state in which an employee lives. H.R. Rep. No. 105-374 at 9, 16; *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 686 (2006). To achieve this goal, Congress vested OPM with the sole authority to contract for the provision of health plans for federal employees, determine the benefit structure of each plan, and promulgate the official description of each plan's terms. 5 U.S.C. §§ 8902(a), 8902(d), and 8907.

OPM exercised this authority by entering into standard contracts with insurance carriers such as Humana. One of the provisions in this standard contract, §2.5(a)(2), requires Humana to subrogate.[2]

OPM also issued regulations setting out an administrative process a beneficiary must exhaust to resolve a dispute over a claim for benefits before filing a lawsuit. Regulation 5 C.F.R. § 890.105(a)(1) states:

---

[2] The standard contract provides, "The Carrier shall subrogate [Federal Employee Health Benefit] claims if it is doing business in a State in which subrogation is prohibited, but in which the Carrier subrogates for at least one plan covered under the Employer Retirement Income Security Act of 1974 (ERISA) . . . ." There is no dispute that in Missouri, Humana subrogates for at least one plan covered by ERISA, thus it is required to subrogate.

3

> Each health benefits carrier resolves claims filed under the plan. All health benefits claims must be submitted initially to the carrier of the covered individual's health benefits plan. If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond as required by paragraph (c) of this section, the covered individual may ask OPM to review the claim. A covered individual must exhaust both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.

*See also* 5 C.F.R. § 890.107(c)-(d) (explaining how a covered individual must seek judicial review).[3]

## A. FEHBA requires a plan participant to exhaust his administrative remedies before litigating a reimbursement dispute.

The question immediately before the Court is whether a dispute over the reimbursement of benefits is treated as a "claim filed under the plan" for purposes of the regulation's administrative exhaustion requirement. Consistent with holdings in similar cases, the Court holds it is.

Numerous court have analyzed an analogous question in the context of Employer Retirement Income Security Act ("ERISA") and Medicare Act cases and have held that

---

[3] In relevant part, 5 C.F.R. § 890.107 states:

> (c) Federal Employees Health Benefits (FEHB) carriers resolve FEHB claims under authority of Federal statute (5 U.S.C. chapter 89). A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute.
>
> (d) An action under paragraph (c) of this section to recover on a claim for health benefits:
>     (1) May not be brought prior to exhaustion of the administrative remedies provided in § 890.105;
>     (2) May not be brought later than December 31 of the 3rd year after the year in which the care or service was provided; and
>     (3) Will be limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits.

4

subrogation disputes are properly categorized as a claim for "benefits due," thus a plaintiff is required to exhaust his administrative remedies before filing suit. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005) ("Where, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' . . . ."); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (holding plaintiff's claim that his health insurer had no right to reimbursement from his tort recovery could be characterized as a claim for "benefits due"); *Singh v. Prudential Health Care Plan*, 335 F.3d 278, 291 (4th Cir. 2003) (holding claims of unjust enrichment and negligent reimbursement brought against an insurer seeking subrogation are claims for "benefits due," because "a claimant who is denied a benefit is no different than a claimant who is faced with an invoice from the insurer for the return of a benefit paid or a claimant who has paid such an invoice, because resolution in each case requires a court to determine entitlement to a benefit under the lawfully applied terms of an ERISA plan"); *Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185, 193 (S.D.N.Y. 2012) (observing numerous decisions have unanimously held that subrogation disputes under the Medicare Secondary Payer Act must be exhausted at the administrative level before a district court has jurisdiction to hear the claim); *Bird v. Thompson*, 315 F. Supp. 2d 369, 374 (S.D.N.Y. 2003) (holding plaintiff must exhaust his administrative remedies before seeking a declaratory judgment that the Department of Health and Human Services had no right to reimbursement from his tort settlement for health care benefits it provided).

Here Plaintiff, like the plaintiffs in *Bird* and *Potts*, does not dispute that his insurer provided benefits to him on the condition that it might seek reimbursement if he recovered from his tortfeasor. Nor does Plaintiff dispute that this lawsuit concerns his right to keep these benefits without reimbursing Humana. *Bird*, 315 F. Supp. at 373; *Potts*, 897 F. Supp. 2d at 193. Consequently, "the fact that the benefits were received prior to the start of this litigation, and the

fact that plaintiff sues [the insurer] and not vice versa," does not change the fact that this lawsuit is about Plaintiff's legal right, or lack thereof, to retain the benefits Humana provided to him. *Bird*, 315 F. Supp. at 373; *Potts*, 897 F. Supp. 2d at 194. Accordingly, the Court holds a dispute over reimbursement is treated as a "claim filed under the plan" for purposes of FEHBA's administrative exhaustion requirement.

Although Plaintiff is correct that the regulations do not specifically state that subrogation or reimbursement[4] disputes must be treated as benefits disputes for purposes of administrative exhaustion, this does not change the outcome. A textually explicit statement mandating exhaustion is not required. The Eighth Circuit has held in an analogous context that a plan participant must exhaust his administrative remedies before filing suit even where the plan participant failed to receive explicit notice of an exhaustion requirement. *See Wert v. Liberty Life Assurance Co.*, 447 F.3d 1060, 1066 (holding ERISA plan participant must exhaust her administrative remedies before filing suit even though the plan language suggested administrative review was optional).

**B.    Requiring Plaintiff to exhaust his administrative remedies would not be futile.**

There is also no merit to Plaintiff's contention that requiring him to pursue his administrative remedies would be futile. As Plaintiff notes, the exhaustion requirement does not apply "when there is nothing to be gained [from an administrative appeal] other than an agency decision adverse to the plaintiff." *Sioux Valley Hosp. v. Bowen*, 792 F.2d 715, 724 (8th Cir. 1986). Futility, however, is a "narrow exception" to the exhaustion requirement which requires the plan participant to show that it is certain that his claim will be denied on appeal, not merely that he doubts it will be granted. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 945 (8th Cir.

---

[4] As Humana notes, technically "subrogation" refer to the situation where the insurer is entitled to step into the shoes of the insured and sue the tortfeasor responsible for the insured's losses, in this case, medical expenses. "Reimbursement" refers to repayment of benefits by the insured, when the insured has recovered for the same loss from the tortfeasor (or the tortfeasor's liability insurer).

6

2010).  "Unsupported and speculative claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies."  *Id.*

Furthermore, the plaintiff bears the burden of pleading facts showing administrative review would be futile.  *Angevine v. Anheuser-Busch Cos. Pension Plan*, 646 F.3d 1034, 1038 (8th Cir. 2011).  The plaintiff must meet this burden by making a "clear and positive showing" that pursuing administrative remedies is futile.  *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 595 (2d Cir. 1993).

Plaintiff contends that a June 18, 2012 letter from OPM evidences that pursuing administrative review here is futile.  In the letter, OPM directs insurance carriers to pursue reimbursement without regard to a state's anti-subrogation law; it also states OPM will maintain this position in the future.  Plaintiff contends the Court should not dismiss his case for failure to exhaust his administrative remedies until it has given him a reasonable opportunity to present all material relevant to the futility determination.  He contends, without citing any authority, that due process requires he be given an opportunity to conduct discovery into a futility defense before the Court rules on the motion.

This argument is without merit.  As a threshold matter, the point of requiring administrative exhaustion is to ensure that federal courts do not become the forum of first resort for insurance claim disputes.  *See Svenonious v. Humana Health Plan, Inc.*, No. 3:08CV-427-S, 2009 WL 1668483, at *1 (W.D. Ky. June 10, 2009).  Even if Eighth Circuit caselaw did not require Plaintiff to plead and prove futility in his complaint, because Plaintiff has not identified what discovery he would like to take or what information he anticipates he would uncover during discovery, Plaintiff has not given the Court any reason to delay its ruling.

Turning to the merits of his claim, the Court finds Plaintiff has not demonstrated futility. The fact that OPM and Humana have taken the position that federal regulations and the Plan

7

require subrogation is not enough to demonstrate futility. As the Eighth Circuit noted, if a defendant's litigation position were enough to show futility, "then the futility exception would swallow the exhaustion doctrine." *Chorosevic v. MetLife Choices*, 600 F.3d at 946. Additionally, Plaintiff has raised seven other arguments that Humana's lien is invalid apart from his preemption/public policy argument, several of which may have merit. For example, Plaintiff contends Humana has waived any further right to subrogation by accepting "medical pay" from his automobile insurer as full and final settlement of Humana's subrogation interest. Alternately, Plaintiff argues Humana's lien should be reduced to account for his procurement costs. These arguments demonstrate administrative review is not futile.

**Conclusion**

Because a plan participant must exhaust his administrative remedies before seeking judicial review of a reimbursement dispute under FEHB, and Plaintiff has not shown administrative review would be futile, the Court GRANTS Humana's motion to dismiss (Doc. 5). The Court does not address Humana's remaining arguments.

**IT IS SO ORDERED.**

Date:   August 14, 2013                         /s/ Greg Kays
                                                                            GREG KAYS, JUDGE
                                                                            UNITED STATES DISTRICT COURT